IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30041-SMY |
| | ) |
| RASHAWN GALLOWAY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**YANDLE, District Judge:**

Defendant Rashawn Galloway was sentenced on February 18, 2021 to 71 months' imprisonment for Felon in Possession of a Firearm (Count 2) (Docs. 81, 84). Now pending before the Court is Galloway's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 86). The Government responded in opposition (Doc. 97). For the following reasons, the motion is **DENIED.**

**Background**

COVID-19 is a contagious virus which spread across the United States. Individuals with underlying medical conditions, such as serious heart conditions and chronic lung disease, and those who are 65 years of age and older carry a heightened risk of severe illness and death from the virus. People With Certain Medical Conditions, CENTERS FOR DISEASE CONTROL & PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 6, 2023).

Galloway is 38 years old and claims that he suffers from asthma, diabetes, hyperlipidemia, and long-term effects from a prior asymptomatic COVID-19 diagnosis. He also asserts that pretrial suppression issues constitute extraordinary and compelling circumstances for his release.

**Discussion**

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

COVID-19 has presented extraordinary and unprecedented challenges for the country and continues to be an issue for prisons, despite the safety protocols and policies that have been implemented. Galloway alleges that he is at increased risk from contracting COVID-19 and suffering severe illness because he suffers from the previously mentioned serious health conditions. However, he refused the vaccine (Doc. 97, p. 13) and fails to establish that he is unable to medically benefit from vaccination. See, *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to [the compassionate release] statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release"). It stands to reason that a prisoner who remains at risk because they declined to be vaccinated cannot then characterize this risk as an "extraordinary and compelling" justification for release. *Id*. Moreover, Galloway has presented no evidence that he is at greater risk for an adverse outcome in prison than he would be if released given his unvaccinated status. See, *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022).

Galloway asserts that an improper search that led to his conviction, and that it presents

---

[1] A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*. There is no issue with respect to Galloway's exhaustion of administrative remedies as to COVID-19 and his health conditions, as both were raised with BOP in Galloway's petition (Doc. 86, p. 20).

another extraordinary and compelling reason for his release (Doc. 86, p. 12). Because Galloway did not raise this issue in his request to the BOP for compassionate release, this issue was not administratively exhausted (Doc. 86, p. 20). See, *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (requiring inmates to raise compassionate release arguments with BOP before they may be raised in a motion). Regardless, pretrial suppression issues do not constitute extraordinary and compelling reasons for Galloway's release consistent with U.S.S.G. § 1B1.13. The proper avenue for a collateral attack on a conviction is a § 2255 petition. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) ("As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction").

For the foregoing reasons, Defendant's motion for Compassionate Release under the First Step Act of 2018 (Doc. 86) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 2, 2024**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**